## ROBINSON *vs.* THOMPSON & CO.

An execution creditor can not be enjoined from the sale of his debtor's property upon the ground that there are claims to it which will cause it to go off at a reduced price.

In Equity, in Muscogee Superior Court.  Decision on demurrer by Judge WORRILL, at November Term, 1859.

This was a bill filed by Alexander J. Robinson, administrator of Seymour R. Bonner, deceased, against D. B. Thompson & Co.; and the object of the bill was to enjoin the defendants from selling certain real estate in the city of Columbus, under an execution in favor of defendants, founded upon a Mechanic's Lien as provided by Act of the General Assembly, giving mechanics and others a prior lien on property in certain cases.  The bill alleged that Bonner's estate was insolvent; that complainant had filed a bill against creditors to marshal assets, etc., but being advised, and believing that defendants claim and lien were paramount to all others, and could at all events be satisfied out of the property upon which their lien attached, they were not made parties to said bill,

The bill further states that defendants had levied the execution on said property, and claims thereto had been interposed; and that if said property, under the claims and litigation pending and hanging over it, were exposed to sale, it would be sold at a great sacrifice, and the creditors and estate of Bonner injured and seriously damaged.  The bill, therefore, prays that defendants be restrained and enjoined from selling said property under their execution, until the claims hanging over the title may be cleared away, and the claims and rights of all parties thereto adjudicated and determined,

To this bill defendants demurred, and also filed their answers.

The Court, after argument, sustained the demurrer, dissolved the injunction, and dismissed the bill.  To which decision counsel for complainant excepted.

INGRAM & RUSSELL, for plaintiff in error.

DOWNING, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

The case made by this bill is, that the defendants in it are pursuing their right of proceeding as execution creditors to sell the property of their debtor, but that certain claims to the property have been interposed, casting a cloud upon the title, and rendering it probable that the property will bring less than its value, to the injury of other creditors of the same debtor, the debtor being insolvent. If the bill means that the claims have been legally interposed under the claim law, then they must be adjudicated or abandoned before there can be a sale, and the cloud will be removed. In that view, there is no need for the bill. If the bill means that the claims have not been legally interposed, then the proposition is to restrain the sale till the title shall be cleared from the cloud formed by people's *talk* against it. Such clouds are very flimsy, and are also of very uncertain and uncontrollable duration. On this view, there is great injustice in the bill. On either view, we are clear that the Judge was right in sustaining the demurrer and dissolving the injunction.

Judgment affirmed.