Sanders *vs.* Foster, trustee.

---

## SANDERS *vs.* FOSTER; trustee.

A *fi. fa.* having been levied on certain land, and a claim interposed,.
and a second *fi.· fa.* having been levied on the same property, the
holder of the first *fi. fa.* is not entitled to an injunction to stay
the proceeding of the second, on the ground that, if sold pending the
claim case, the property will be under a cloud and will not bring
its value, that he is unable from poverty to bid on it, and that the
purchaser will obtain a good title, leaving a nominal amount in the
hands of the sheriff in lieu thereof, for him to have applied to his
*fi. fa.*  ·

Sanders *vs.* Foster, trustee.

Injunction. Executions. Equity. Before Judge LAW-
SON. Greene County. At Chambers. December 15th, 1880

Reported in the decision.

JNO. C. REED; H. T. & H. G. LEWIS, for plaintiff
in error.

J. A. BILLUPS; F. C. FOSTER, for defendant.

CRAWFORD, Justice.

Luther T. Sanders obtained a judgment in March, 1878,
against Lewis B. Willis as principal, and Walter Griffin
and William M. Williams as securities on a guardian's
bond, for $4,856.39. A *fi. fa.* issuing upon this judgment
was levied upon 550 acres of land as Willis' property in
January, 1879, and to which Willis, as the trustee of his
wife and children, interposed a claim, which is still pend-
ing and undecided.

In September, 1879, F. C. Foster, trustee for the wife
and children of John T. Willis, obtained a decree in chan-
cery on a bill returnable to the March term, 1876, of the
same court, and upon which a *fi. fa.* has issued and been
levied upon this same 550 acres of land.

Sanders, the plaintiff in *fi. fa.* and whose sale has been
arrested by the interposition of the claim, files his bill in
equity and prays that the sale of this land under Foster's
*fi. fa.* may be restrained by injunction until his claim case
is tried, or until a hearing can be had on the bill. The
chancellor below refused the injunction and Sanders ex-
cepted. The principal grounds upon which he rests the
application for this writ are, that if the said sale should
take place, the land will bring only a nominal sum so long
as the title is clouded by the claim of the said Willis;
that he is without means and cannot bid for the same;
and as the purchaser will get a good title, divested of the
lien of his judgment, he will only receive a small part of

Sanders *vs.* Foster, trustee.

his debt, whilst he is entitled to the whole value of the unclouded title to the said land.

It is also alleged in complainant's bill that he has information that the said Foster claims for his *fi. fa.* a priority over that of complainant, whilst he insists that it is invalid. But if his decree can be construed to give said Foster priority, then it is a further cloud on the title of Lewis B. Willis to the land. The bill concludes with a prayer that upon the hearing, it be decreed that no such priority does in fact exist, but that complainant's *fi. fa.* be preferred as to the said land.

The refusal of the injunction prayed for in this bill is the complaint of the plaintiff in error. The question therefore to be settled is, whether he made such a case as entitled him to the benefit of that extraordinary remedy. Complainant and defendant are execution creditors with levies on the same land; the sale under the complainant's *fi. fa.*, which is the oldest, is suspended by reason of a claim which is pending, and it is alleged that so long as that claim is undisposed of it casts a cloud on the title of the property and that it will bring only a nominal sum.

In all cases where there is an effort to sell lands under an execution, and where such sale would confer no title on the purchaser, and the only effect of which would be to cloud the title of others, an injunction will be granted. But interference by proceedings in equity grows alone out of the inadequacy of the remedy at law to meet the exigency of the case and prevent the injury complained of. High on Inj., 269, 273.

In the case of *Robinson vs. Thompson, & Co.*, 30 *Ga.*, 933, it was ruled that, "An execution creditor cannot be enjoined from the sale of his debtor's property upon the ground that there are claims to it which will cause it to go off at a reduced price." But it is said that this case is different from that. The bill *in that case* stated that the defendant in the *fi. fa.* was insolvent; that the property had been levied upon, and claims thereto had been filed, and that

Sanders *vs.* Foster, trustee.

if said property were exposed to sale with the claims and litigation pending and hanging over it, it would sell at a great sacrifice, and the creditors of the defendant in *fi. fa.* would be seriously damaged. Injunction was therefore prayed until the claims hanging over the title were cleared away, and the rights of the parties determined. *In this case*, as in that, the creditor is pursuing his remedy to get his money, and the complainant who is also a creditor, and who has the oldest judgment, comes and asks that the other creditor be enjoined until the claim which delays his *fi. fa.* is litigated, as before that time it casts a cloud on the property, and if sold will only bring a nominal sum, and therefore he prays this injunction. That this creditor comes by *himself*, with his prayer for injunction against the sale, gives him no higher right thereto than did the other to Robinson, the administrator, who came in the name and behalf of all the creditors, and for the same reason.

The next ground is, that he is without means with which to bid for the land. We think that there is nothing in this ground to authorize an injunction, as the *status quo* might remain with him to the end of his life, and thereby work a perpetual injunction.

The only remaining ground is that the purchaser would get a good title divested of the lien of complainant's judgment, and he only receive a small part of his debt. If that be true, wherefore the necessity of forcing and continuing this cloud upon the title by litigating with *the claimant?* If complainant's judgment *is a lien upon this land*, and superior to that of Foster's for any reason, we are unable to see why it would not attach to the fund, and why it is, that he has not a complete and ample remedy at law.

Judgment affirmed.