OWEN vs. GIBSON.

1. Where one who held the notes of another and a deed to secure their payment, having given bond to re-convey title on payment of money so borrowed, brought suit on the notes, if there was usury in them, it should have been pleaded in defence to the suit; and if the defendant failed to do so, he would be precluded from going behind the judgment by a bill in equity.
2. While it was the regular course, when the holder of the deed to secure money desired to file a deed to his debtor and levy on the land, on filing the deed, to enter a special judgment condemning the land so deeded, and to which the deed had been filed, yet, in the present case, it made no difference that a general judgment was entered, a levy made on the land, and a sale made under it.

v 74-30

If the title remained in the debtor, and did not pass from him on account of usury, a general judgment would bind the land as well as a special judgment; and a deed thereunder would be as good, as against him, as if the sale were under a special judgment.

3. Whether or not there was usury in the note for the money borrowed, there is none in the sheriff's deed based on the levy under a judgment against the defendant; and on that deed the creditor, who became the purchaser, rests his title.

April 2, 1885.

Interest and Usury. Judgments. Estoppel Debtor and Creditor. Deeds. Before Judge WILLIS. Talbot Superior Court. September Term, 1884.

Reported in the decision.

M. BETHUNE; W. A. LITTLE; J. M. RUSSELL, for plaintiff in error

No appearance for defendant.

JACKSON, Chief Justice.

Defendant in error demurred to a bill in equity brought against him, on the broad ground that there was no equity in it; the demurrer was sustained and the bill dismissed, and the plaintiff in error assigns this ruling as error.

The facts made by the bill are, in substance, that the plaintiff in error borrowed money from defendant in error; that he made him titles to land as security for the money; that he took bond for titles back on the payment of money so borrowed; that he failed to pay it; that defendant in error sued and recovered and got a general judgment against him, and made him a deed, and levied and sold and bought the land himself; that there is usury in the money borrowed which annuls the title; and he prays that on payment of principal and legal interest; the defendant in error make him titles to the land.

1. So far as usury in the note for borrowed money is concerned, it should have been pleaded in defense to the

suit thereon, and the plaintiff in error having failed so to do, is precluded from going behind it.

2. So far as the general judgment against him is concerned, while it was the regular course, on filing the deed, to enter a special judgment condemning the land so deeded and deed filed, yet, in the case at bar, it makes no difference, for if the title to it was in the plaintiff in error, it having never gone out of him on account of usury, as the bill alleges, a general judgment would bind it as well as a special judgment, so far as plaintiff in error is concerned, and a deed under such a judgment would be just as good against him as if the land had been sold under a special judgment. Between other creditors and the defendant in error, in respect to the latter's claim of priority, it might make a difference, but none in respect to the defendant in error and plaintiff in error as to the validity of the sale.

3. While there may have been usury, which may or may not have been in the note for the borrowed money, there is none in the sheriff's deed, and it is that deed which makes the title to the land held by defendant in error.

In any view of the case, the bill is destitute of equity, and was properly dismissed on demurrer.

Judgment affirmed.