REEVES *et al. v.* BOLLES *et al.*

Under the facts disclosed by the record, there was no abuse of discretion in denying the injunction.

February 27, 1895.

Petition for injunction. Before Judge RONEY. Burke county. November 24, 1894.

JOHNSTON & BRINSON, for plaintiffs.

LAWSON & SCALES and W. T. DAVIDSON, for defendants.

LUMPKIN, Justice.

J. T. Reeves borrowed a considerable sum of money from William Bolles, and secured the same by a deed to a large tract of land. The lender afterwards died, and his executors transferred and assigned the note to George A. Bolles, and at the same time conveyed to him the land above mentioned, having the power so to do under the testator's will. George A. Bolles then sued Reeves upon the note and obtained a judgment, filed in the

clerk's office a deed conveying the land to Reeves, and had the same levied on and advertised for sale. Reeves, and certain persons who were his judgment creditors, filed an equitable petition to enjoin the sale, and prayed that the land be surveyed and platted and sold in separate parcels. Petitioners alleged that if the land were sold in one entire body, it would bring a much less sum than if sold in parcels, and would therefore be sacrificed unless the defendants were enjoined from making the sale as advertised. The judge heard the application upon the petition, answer and affidavits submitted by both sides; and after so doing, refused to grant the injunction.

Before dealing with the case upon its merits, we will notice a preliminary question which was presented. It was insisted that the deed from the executors to George A. Bolles did not pass the title, because these executors had not given bond in conformity to section 2617 of the code. This section is not applicable to the facts of the present case. These executors were not endeavoring to sell the land in Georgia as an act done in the due course of administering the estate of William Bolles, but they simply passed the title to the purchaser of the note, in order that the security might be transferred along with the note itself.

There was a conflict in the evidence submitted, as to whether or not the plaintiff's land would sell to better advantage if divided up into parcels than it would if sold as a whole. This, of itself, would be a sufficient reason for declining to interfere with the discretion of the trial judge in refusing by injunction to arrest the progress of the defendant's execution. It is well settled by repeated adjudications of this court, that as to questions of fact passed upon by a judge in determining whether an injunction should be granted or refused, his findings will not be disturbed unless it plainly and manifestly appears that he grossly abused his discretion.

Granting, however, for the sake of the argument, that a larger amount would be realized by selling the plaintiff's land in separate tracts, we are still of the opinion that the judge was right in denying the injunction. It may be within the power of a court of equity, in some cases, to decree that the property of a debtor shall be sold in parcels, and not as a whole, where it manifestly appears that gross injustice would result if the latter course were pursued. We are entirely satisfied, however, that the case in hand is not one of this kind. The plaintiff, Reeves, borrowed money, gave his note for the same, and for the purpose of securing its repayment executed a deed covering the entire body of land now in controversy. This gave to the lender an absolute legal right to enforce the collection of any judgment he might obtain upon the note by a sale of the land as one entire tract; and of course, any person acquiring by purchase the note in question, together with the title to the land conveyed as security for the debt, would have the same rights in the premises as the original lender. The land in its entirety being specifically pledged for the payment of the debt, it must inevitably have been within the contemplation of the parties that if it should become necessary to enforce payment by resort to legal proceedings, the land would be subject to sale as a whole, just as it was conveyed. It is not denied that the plaintiff in execution has a perfect legal right to have all the land sold to satisfy his judgment; and to have granted the injunction sought would necessarily have been to interfere, to some extent, with the exercise of this right. It would certainly at least have caused delay in the collection of the debt. It was the undoubted right of the judgment creditor to have the land sold at once and without delay; and as it would be impracticable, in the present condition of the land, to sell it in parcels, he must necessarily be entitled to have the land sold as an entire

tract, or else his right to subject the land to immediate sale would be an empty one indeed. We do not understand that a court of equity will ever interfere with a positive legal right, unless equitable reasons which are good and valid against the party having such right are presented. In this case nothing of the sort appears. The plaintiff in execution has done absolutely nothing to give rise to any equity as against him in favor of the debtor; and the fact that other judgment creditors of Reeves join in the bill with him, adds nothing whatever to the merits of the petition. They had no more right, and were no more entitled in equity, to enjoin the sale under the execution of George A. Bolles than the defendant in execution himself had; and what has been said with reference to him is also applicable to these judgment creditors who joined with him in the petition. In fact, there is no equity at all in the petition. After all, it seeks to delay the creditor and presents no good reason, either in law or morals, why he should be delayed. When the suit was brought, the debtor might have anticipated that the very state of affairs now impending would result. He had ample time, before judgment, to have his land surveyed, laid off into tracts, and platted so that it could be accurately described in an advertisement, and each tract sold separately. In that event, intending purchasers could have examined these tracts and have bid intelligently at the sale, knowing precisely in each instance what property was offered. Had the debtor pursued this course, he might have pointed out to the sheriff the several parcels into which the land had been divided, and have required that the officer advertise and sell accordingly. If this had been done, and the sheriff had refused to comply with these directions, and injury to the debtor had resulted, he might have had his action against the sheriff. Be this as it may, on the facts as they stood at the time of the

levy, he had no right, either against the sheriff or the plaintiff in execution, to demand the delay necessary in order to so survey and plat the land that it might thereafter be offered and sold in parcels instead of having it sold as one entire tract. To postpone the sale for the purpose of doing this, would be to illegally and inequitably delay the plaintiff in execution in the enforcement of his rights; so, upon the whole, we are satisfied that there was no error in refusing the injunction.

*Judgment affirmed.*