*H. P. Lumpkin* and *H. F. Dunwody,* contra.

---

UNION POINT GINNERY AND WAREHOUSE COMPANY *v.* HARRIMAN NATIONAL BANK *et al.*

ATKINSON, J. 1. The election of a pledgee holding several collateral securities for the principal debt, as to which of the securities shall be resorted to in order to enforce payment of the unpaid debt, is subject to the equitable principle known as marshaling securities; but this rule has no application to debtor and creditor. Colebrooke on Collateral Securities (2d ed.), § 98; *Carter* v. *Neal*, 24 *Ga.* 346 (71 Am. D. 136); 26 Cyc. 936; Boone *v.* Clark, 129 Ill. 466 (21 N. E. 850, 5 L. R. A. 276 (5), and note on page 280).

2. The trial judge properly dismissed the petition on general demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

NOVEMBER 14, 1914.

Equitable petition. Before Judge James B. Park. Greene superior court. January 27, 1914.

A suit was instituted in the superior court of Greene county by the Union Point Ginnery and Warehouse Company against the Harriman National Bank and the Athens Trust and Banking Company and designated individuals. The following was alleged in the petition: The plaintiff is a domestic corporation without any

charter authority to invest in the stock of other corporations. The Harriman National Bank is a foreign corporation, and the Athens Trust and Banking Company was chartered in this State to do a banking business. The other defendants were attorneys for the Harriman National Bank. Without any authority from the plaintiff's board of directors, or charter power to do so, the president of the plaintiff undertook to subscribe for ten shares of the capital stock of the Athens Trust and Banking Co., and signed therefor a note for one thousand dollars due at a future date. About the time the note fell due, the Athens Trust and Banking Co., being insolvent, failed without having issued the stock for which the note was given, and the plaintiff did not receive any consideration for the note. The Harriman National Bank, through the other individual defendants as agents and attorneys (the latter having an interest in the recovery), has instituted suit in the city court of Greensboro on the note. The Harriman National Bank claims to be an innocent purchaser, and that plaintiff's defense that the note was issued without authority or consideration can not be urged against it. The Harriman National Bank holds the note only as collateral security for an indebtedness of the Athens Trust and Banking Co., not exceeding fifteen thousand dollars. It also holds other collateral notes for security of the debt, all being valid debts and collectible, so that the aggregate security amounts to more than twenty-five thousand dollars. The Harriman National Bank in equity and good conscience should be required to exhaust the other collaterals before coming upon plaintiff. If plaintiff should be required to pay the note, it would be remediless, the Harriman National Bank being a non-resident and the Athens Trust and Banking Company being insolvent. The city court of Greensboro is without equitable jurisdiction and can not take an account of the matter alleged and frame a decree that would protect plaintiff. The prayers were: (*a*) that the Harriman National Bank be required to account in regard to all the collaterals which it holds for the debt for which the note executed by plaintiff's president is held, and be required to exhaust all valid collaterals before asserting any claim against plaintiff; (*b*) that such bank and its attorneys above mentioned be enjoined from prosecuting the suit in the city court; (*c*) that plaintiff's note be decreed to be void, etc.

The defendants made a motion to dismiss the petition, on the

grounds that it did not set forth a cause of action and there was no equity in it. Whereupon the plaintiff offered an amendment alleging the following: The Harriman National Bank claims a balance due, on the debt for which plaintiff's debt is held as collateral security, of between four and five thousand dollars. The capital stock of plaintiff is only $3,500, and it is unable to raise and tender to the Harriman National Bank the amount which it claims to be due it. The amendment was rejected as immaterial, and upon renewal of the motion to dismiss it was sustained. The plaintiff excepted to these rulings.

*Samuel H. Sibley,* for plaintiff.

*Cobb & Erwin* and *Lewis, Davison & Lewis,* for defendants.