DYAR *v.* MOBLEY, superintendent of banks, *et al.*

No. 7256. FEBRUARY 12, 1930.

*Y. A. Henderson* and *J. H. Paschall,* for plaintiff.

*J. G. B. Erwin,* for defendants.

BECK, P. J. The Peoples Bank of Calhoun, Georgia, closed its doors on February 10, 1926, and its assets were placed in the hands of the State superintendent of banks for liquidation. A stock assessment was issued May 17, 1926, against C. B. Dyar for the sum of $500, and a levy was made on November 10, 1926, upon a certain lot of land in the town of Calhoun, upon which there was a storehouse. Dyar filed a petition praying for injunction against the sheriff, the superintendent of banks, and the liquidating agent. Upon the call of the case for trial the petitioner offered an amendment to his original petition, which was in substance as follows: The five shares of stock in the Peoples Bank, which is the basis of the execution issued, was purchased by petitioner from the bank on April 26, 1919, through B. W. Blackmon, its agent and cashier. At the time he purchased this stock he gave the bank his promissory note for $575 in payment for the stock. At that time he knew nothing about the affairs or condition of the bank, but was advised by Blackmon that the value of the stock was $145 per share. In purchasing the stock petitioner relied solely upon the statements and representations of Blackmon. Petitioner alleges on information and belief that the stock at the time he purchased it was worth-

less, and that this fact was known to Blackmon, the bank's agent and cashier. On the date the Peoples Bank closed its doors and turned over to the State superintendent of banks the note given by him in payment for the stock, the same had been hypothecated by the Peoples Bank to the Hamilton National Bank, of Chattanooga, Tennessee, which was an innocent purchaser of the note for value. The latter bank made demand upon petitioner for payment; and since he had no good or valid defense against the payment of the same, he fully paid and discharged it. On account of the facts hereinabove set out petitioner has been injured by the Peoples Bank in the sum of $575, with interest thereon. He prayed to recover judgment against the defendant in that amount; and, in the event the court should hold that the assessment set up against him is valid, that his claim be offset against the assessment. The execution issued for the enforcement of the assessment was attacked in the petition, on the ground that it was void. Upon objection the court disallowed plaintiff's amendment. Defendant filed a demurrer which the court sustained. The demurrer raised the point that the plaintiff could by affidavit of illegality raise any question presented by the petition. The plaintiff excepted to the refusal to allow the amendment, and to the sustaining of the demurrer.

To what is set forth above should be added other allegations in the petition, in substance as follows: The property levied upon under the execution is of the value of $8,000, and therefore the levy is excessive. Petitioner had personal property and other property of smaller value, and "it was not necessary for the sheriff to levy upon the realty belonging to the defendant in execution." The property levied upon "will not bring a fair market value," on account of certain local financial conditions described; it being alleged that seven other storehouses on the same street upon which is located petitioner's lot are at this time on the market; and besides, "the financial condition in the whole surrounding county, as well as in the city of Calhoun, is much depressed" on account of the failure of this bank and the closing of the doors of three other banks in the immediate section of the city of Calhoun. The prayers are for injunction, general relief, etc.

■ The court did not err in sustaining the general demurrer. The matters alleged in the petition, which are of such a nature that they might be urged against the enforcement of the execu-

tion in question by a levy upon the defendant's property, could be set up in an affidavit of illegality. In paragraph 5 of the petition it is alleged that the execution under which the levy upon defendant's property was made is null and void, for the reason that the same appears to have been issued by the assistant superintendent of banks for the State of Georgia, and that the assistant superintendent did not have authority to issue this fi. fa. That contention is answered in the case of *McCaskill* v. *Chattahoochee Fertilizer Co.*, 167 *Ga.* 802 (146 S. E. 830): "The signing of an execution under the act of 1919, supra [the banking act, Ga. L. 1919, p. 135], is a clerical or ministerial act which can be delegated by the superintendent of banks. Properly construed, the act is broad enough in its terms to authorize the superintendent of banks to appoint an assistant superintendent of banks, or agent, to perform such duties as shall be assigned him by the superintendent. The superintendent can delegate to such assistant, or agent, the duty of issuing and signing executions in pursuance of assessments made by the superintendent. This authority may be exercised by signing such executions in his own official capacity, or by the agent affixing to them the official signature of the superintendent of banks and adding the word 'by,' and then adding his own official signature." That decision was rendered subsequently to the filing of the instant case and to the grant of a restraining order by the judge to whom the petition was presented. That this decision is controlling upon the point now under consideration seems to be recognized in the brief of counsel for plaintiff in error.

But it is further alleged, in a second amendment to the petition, that "there was no legal assessment made as a basis for the execution, . . in that said execution was made and issued under an assessment made by the assistant superintendent of banks, when the latter had no authority to make such assessments; the superintendent of banks was the only person authorized to make such assessments." Of course the demurrer to the petition admits the allegation that the assessment upon which the execution was based was made by the assistant superintendent of banks. We do not now decide whether the assistant superintendent of banks was vested with the right and authority to make the assessment; or whether, if it was made by the assistant superintendent, a valid execution could be issued thereon. But we do hold that if the assessment

and execution were void and invalid for the reasons set forth in this amendment, that ground for holding the execution void could be raised by an affidavit of illegality. In that part of the banking law it is provided that the superintendent of banks, after taking possession of the assets and business of any bank, under the provisions of the act, "shall make a careful estimate of the values of the cash assets of said bank . . and of the amount of such cash assets which will be available to pay depositors; and he shall immediately thereupon make an assessment upon the stockholders of said bank, sufficient, when added to the cash assets so available for depositors, to pay the said depositors in full; provided that such assessment shall not exceed the liability of stockholders upon their said stock; . . and if any stockholder so notified shall refuse or neglect to pay any such assessment within thirty days after the levy of such assessment and notice thereof, the superintendent of banks shall issue an execution against such stockholder for the amount of such assessment, which shall be enforced in like manner as executions issued by the superior courts . . upon judgments regularly rendered by said courts; provided, however, that any stockholder shall have the right by affidavit of illegality, as in cases of affidavits of illegality to other executions, to contest his liability for such assessment, and the amount and necessity thereof." It is true that the provision for the filing of the affidavit of illegality states that it is for the purpose of contesting the stockholder's "liability for such assessment, and the amount and necessity thereof." Ga. L. 1925, p. 135; Code Supp. 1926, (Park) § 2268(t), (Michie) § 2366-(71). We think that the language is broad enough to authorize the stockholder assessed under this law to raise the question of the validity of the assessment and the execution issued thereupon. This provision for the filing of affidavits of illegality is remedial legislation, and is to be liberally construed.

The rulings in headnotes 2, 3, and 4 require no elaboration.

*Judgment affirmed. All the Justices concur.*