## FOSTER *v.* COTTON STATES ELECTRIC COMPANY.

No. 7937.   February 14, 1931.

*Ben. C. Williford* and *Williford & Spradlin,* for plaintiff.
*Augustine Sams* and *C. H. Feagan,* for defendant.

Russell, C. J.   Mrs. J. C. Foster filed a petition to enjoin the Cotton States Electric Company, and the marshals of the municipal court of Atlanta from proceeding with the levy of an execution based upon the foreclosure of a materialman's lien against herself and her husband, the judgment of foreclosure awarding to the Cotton States Electric Company a special lien upon certain property of the plaintiff.   She alleged that the property was not subject to levy, for the reason that there were outstanding against it two deeds to secure debt, prior in date to the time of the furnishing by Cotton States Electric Company of the material which was the basis of its claim; that the holder of neither of the deeds to secure debt authorized the materialman to furnish the materials; that the property was worth $14,000, and her equity therein was worth $7,500, and the execution was for only $111.92, and the levy was excessive and void; that the land could be subdivided; that the defendant knew that said levy would be void, and was having it made to compel petitioner to pay the judgment by unlawful publicity and advertising in newspapers; that she was a dealer in realty and personalty; that the advertisement of her home in the public papers of the city would injure her good name as a business risk; that she was without legal remedy; that the publicity would work irreparable damage to her, and that it was necessary to resort to equity for full and complete relief.   She prayed also that said levy be declared void; and for general relief.

The defendant demurred to the petition as stating no cause of action legal or equitable; and filed an answer and cross-bill, alleging that a lien was filed for the electric wiring and fixtures installed on the premises of plaintiff, that she failed to pay the indebtedness in judgment, and brought her bill for the purpose of hindering and delaying the collection thereof; that she was insolvent; and that various other creditors had claims against the property. Defendant prayed that a receiver be appointed, and that all other creditors having claims against the plaintiff be allowed to intervene in order that a multiplicity of suits be avoided.

Mrs. Foster filed an amendment in which she denied her insolvency and refusal to pay the claim of defendant, denied that defendant had filed a lien for the wiring and fixtures, and denied that various other creditors had claims against her property. She also alleged that the foreclosure of the materialman's lien was obtained by false and fraudulent testimony, and that the debt was her husband's. She exhibited a certified copy of the deed executed by her, to Mortgage Guarantee Company of America, securing an indebtedness of $6500.

The general demurrer was sustained and the petition dismissed. The plaintiff excepted.

Upon the first hearing of the application for interlocutory injunction, the court denied the respondent's prayer for a temporary receiver, and continued a temporary restraining order enjoining the electric company from proceeding against the real estate as long as there might be outstanding loan deeds covering the same, superior to the judgment of the Cotton States Electric Co. Mrs. Foster brought on a rehearing by amendment to her petition, as set forth in the statement of facts; and another hearing was had upon the general demurrer to the petition as amended, and thereupon the court revoked the temporary restraint previously granted, and dissolved the interlocutory injunction. This judgment was correct. It appears from the record that the materialman's lien was foreclosed in the municipal court of Atlanta. There was therefore outstanding a valid judgment of a court of competent jurisdiction for the purpose, and the judgment was not shown to have been excepted to. The petitioner had her day in court. The statement that this judgment was obtained by false and fraudulent testimony is without any force, since it was not alleged that the

perjured witness or witnesses had been found guilty of perjury or false swearing. Furthermore, the petitioner could not raise or insist upon the point that the property sought to be protected by her was subject to liens securing borrowed money and conveying title. The right to make such objection to the levy of the judgment obtained by the Cotton States Electric Company inheres in the lenders of the money secured by deed, and does not appertain in the debtor, who has only an equity and no title, since she has conveyed that to the holders of the deeds.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent; and Atkinson, J., who dissents from the rulings in the first and third headnotes.*