SHEDDEN *v.* NATIONAL FLORENCE CRITTENTON MISSION *et al.*

No. 13399.   November 30, 1940.   Rehearing denied December 13, 1940.

*Smith, Smith & Bloodworth,* for plaintiff.

*Spalding, Sibley, Troutman & Brock, E. H. Sheats, W. S. Northcutt,* and *McElreath, Scott, Duckworth & DuVall,* for defendants.

Reid, Chief Justice.   The National Florence Crittenton Mission (referred to hereinafter as the defendant) obtained judgments against Mrs. Shedden (referred to hereinafter as the plaintiff) on two promissory notes.   The notes were secured by separate parcels of real estate situated in the City of Atlanta, and each judgment was declared a special lien on the realty, as is customary in such cases.   The plaintiff filed the present petition in the superior court of Fulton County for an injunction against the defendant, its attorneys, the marshal and two deputy marshals of the civil court of Fulton County, restraining them from levying the executions issued on said judgments on certain of her personal property until the realty conveyed to secure the notes on which said judgments were based had been levied on and sold.   She further prayed that the defendant "be enjoined from adding interest on said executions from and after sheriff's sale day in May, 1940, except on any possible deficit between the amounts of said executions and the amount hereafter realized by judicial sales of" the security "under said executions."   A general demurrer to the petition was sustained, and the action dismissed.   The plaintiff excepted.

■ A valid personal judgment obtained on an indebtedness secured by a deed to property is both a general and special judgment. It is general in the sense that it is a lien on "all the property of the defendant, both real and personal," from the date of its rendition (Code, § 110-507), and special in the sense that it is secured by the deed to the property.   See *James* v. *Cooledge,* 129 *Ga.* 860 (60 S. E. 182) ; *Pool* v. *May,* 172 *Ga.* 622 (158 S. E. 424) ; *Marshall* v. *Charland,* 109 *Ga.* 306 (34 S. E. 671) ; *Owen* v. *Gibson,* 74 *Ga.* 465.   It "may be levied on all the estate, real and personal, of the defendant, subject to levy and sale" (Code, § 39-101), and it need not be first levied on the security before proceeding against other

property of the defendant. *James* v. *Cooledge*, supra. "Equity is ancillary, not antagonistic, to the law; hence equity follows the law where the rule of law is applicable, and the analogy of the law where no rule is directly applicable." Code, § 37-103. When such a judgment, at the behest of the creditor, is about to be levied .on property of the debtor other than the security, a court of equity has no authority to intervene in behalf of the latter and enjoin the levy until the security has been levied on and sold, simply because it would be to the debtor's advantage and best interest that such course be pursued. Between a debtor and his judgment creditor the controlling equity lies in favor of the creditor to have satisfaction of his judgment, and a court of equity will rarely, if ever, interfere with the creditor in his use of the legal means afforded him for the collection of his debt. Code, § 37-103; *Lowry* v. *City Investment Co.,* 174 *Ga.* 454 (163 S. E. 208) ; *Bank of Soperton* v. *Empire Realty Trust Co.,* 142 *Ga.* 34 (82 S. E. 464) ; *Steele Lumber Co.* v. *Laurens Lumber Co.,* 98 *Ga.* 329 (24 S. E. 755) ; *Union Point Ginnery &c. Co.* v. *Harriman National Bank,* 142 *Ga.* 727 (83 S. E. 657) ; *Hanesley* v. *National Park Bank,* 147 *Ga.* 96 (92 S. E. 879) ; *Robinson* v. *Thompson,* 30 *Ga.* 933; *Kontz* v. *Citizens & Southern National Bank,* 181 *Ga.* 70 (181 S. E. 764) ; *Dyar* v. *Mobley,* 170 *Ga.* 65 (152 S. E. 74). This court has ruled in several cases that a debtor can not marshal his own assets. *Steele Lumber Co.* v. *Laurens Lumber Co.,* supra; *Bank of Soperton* v. *Empire Realty Trust Co.,* supra; *Martin* v. *Brown,* 129 *Ga.* 562 (59 S. E. 302).

In *Reeves* v. *Bolles,* 95 *Ga.* 402 (22 S. E. 626), this court remarked: "We do not understand that a court of equity will ever interfere with a positive legal right, unless equitable reasons which are good and valid against the party having such right are presented." When, as in the present case, it appears that a judgment creditor is pursuing a course falling within his legal rights for the collection of his judgment, it is not a good equitable reason as against such creditor, authorizing a court of equity to interfere, that he might pursue some other course with better advantage and profit to the debtor. Perhaps the most that a court of equity could do would be to compel the creditor to take payment and to desist from enforcement of the judgment. Cf. *Barden* v. *Brady,* 37 *Ga.* 660, 665. It is true that this court ruled, in *Western Union Tele-*

*graph Co.* v. *Brown & Randolph Co.,* 154 *Ga.* 229 (114 S. E. 36), that a lessee of part of a building could, in equity, require prior lienholders to first expose the property for sale subject to said lease; but this ruling is not authority in favor of the plaintiff. The rights of the plaintiff debtor in this case as against her judgment creditor are not comparable to the rights of the lessee as against the prior lienholders as considered in the case cited. Ordinarily, when a defendant in fi. fa. desires to have certain property which is of sufficient value to satisfy the judgment levied on, rather than other property, his remedy is to direct the sheriff to levy on such property. Code, § 39-116. While the plaintiff, as the defendant in fi. fa., could not direct the sheriff to levy on the security, since the title thereto was in the defendant (Code, § 39-201; *Thompson* v. *Mitchell,* 73 *Ga.* 127), this does not give her any standing in equity for such relief. The right of a defendant in fi. fa. in this connection is no broader than that actually granted under the statute.

■ The plaintiff not only sought an injunction against a levy on her personal property until the security had been exhausted, but sought in effect to compel the defendant forthwith to levy the execution on said security. To avoid the rule that a mandatory injunction is not permissible in this State (Code, § 55-110), the plaintiff prayed that the defendant "be enjoined from adding interest on said executions from and after sheriff's sale day in May, 1940, except on any possible deficit between the amounts of said executions and the amount hereafter realized by judicial sales" of the security under said executions. An injunction is designed to restrain some act of the other party; and since the holder of a judgment does not add interest on the judgment himself, but it accrues as a matter of law (Code, § 57-108), the prayer seems inapt and inappropriate. At any rate any such relief would have to be based on the theory that there was an affirmative duty on the defendant to enforce his judgment, and of course such is not the case.

■ It is provided in the Code, § 39-201 that "Where any person other than the vendor, or other than the holder or assignee of the purchase money or secured debt, shall have any judgment against a defendant in fi. fa. who does not hold legal title to property but has an interest or equity therein, such plaintiff in fi. fa. may take up the debt necessary to be paid by the defendant in order to give such defendant legal title to the property, by paying such

debt with interest to date if due, and interest to maturity if not due; and thereupon a conveyance to the defendant in fi. fa., or, if he be dead, to his executor or administrator, shall be made by the vendor or holder of title given to secure the debt, or, if dead, by the executor or administrator thereof; and when such conveyance ·shall have been filed and recorded, the said property may be levied on and sold as property of the defendant. The proceeds shall be applied, first, to the payment of liens superior to the claims taken up by the plaintiff in fi. fa.; next, to the payment of principal advanced by said plaintiff in fi. fa. to put title in defendant, with interest to date of sale; and the balance to the execution under which said property shall be sold, and to other liens according to priority, to be determined as in other cases of money rules." The plaintiff, by amendment, made the further point that she had executed to another person a deed to the personal property on which the executions were about to be levied, as security for a loan which was superior to the lien of the defendant's judgments, and that under the above section no valid levy could be made thereon until said loan was paid and the title revested in her. The case made in this connection does not invoke the application of equitable principles. The plaintiff merely asserts that as a matter of law the levy would be illegal and void, because made without complying with the provisions of the above section. It is not alleged that the levy itself will inflict irreparable injury on the plaintiff; and in such case we see no reason why this point can and should not be presented for adjudication on its merits in an affidavit of illegality returnable to the court out of which the judgments and executions issued, filed after the levy is made. *Williams* v. *Hinson*, 143 *Ga.* 740 (85 S. E. 868); *Apperson* v. *Mutual Fertilizer Co.*, 148 *Ga.* 159 (96 S. E. 260); *Foster* v. *Cotton States Electric Co.*, 172 *Ga.* 231 (157 S. E. 636). We are not to be understood as holding that as to the plaintiff debtor the levy would be illegal and void, even though made without complying with the provisions of the above section. We go no further than to hold that if as against her it is illegal, as contended, it can be so decided upon an affidavit of illegality, the judgment in which will as effectively prevent the property from being sold as would an injunction. Of course, if the point is without merit, the plaintiff would not be entitled to prevail against the levy either in a court of law or equity.

For the reasons stated, the court did not err in dismissing the action on demurrer.

*Judgment affirmed.   All the Justices concur.*