32433, 32462. SAUL et al. v. VAUGHN & COMPANY,
LTD. et al.; and vice versa.

JORDAN, Justice.

Vaughn & Company, Ltd. (hereinafter called Vaughn) brought suit against B. Francis Saul et al., as trustees of Saul Real Estate Investment Trust et al. (hereinafter called Saul) seeking to enjoin the foreclosure of a deed to secure debt and asking for an equitable accounting of all loans between the parties. The trial court issued its order on April 5, 1977, approving the foreclosure but directed an equitable accounting and enjoined Saul from collecting any indebtedness owed by Vaughn pending the accounting. This order is the basis of the main appeal by Saul.

Subsequently, on April 11, 1977, the trial court entered an order restraining Vaughn from transferring any assets pending the accounting, and this is the basis of the cross appeal by Vaughn.

A factual background is necessary to an understanding of this litigation.

In 1970, Vaughn began the acquisition of property in Cobb County for the development of an office park. Saul was to provide Vaughn with financing for this operation. Three separate loans from Saul to Vaughn are involved. (1) *Loan 448,* made in January 1974, had a face value of $6.5 million and was secured by 75 a. of vacant land in Cobb County. (2) *Loan 462,* made in June 1974, was a construction contract with a face value of $3.1 million secured by a building known as the Alpha Building in Cobb County which was built with the proceeds and six acres of land on which it was built. (3) *Loan 465,* made in June 1975, had a face value of $5.3 million and was secured by 100 a. of vacant land in Cobb County. It represented a consolidation of six previous loans. The security deeds for these loans each contained a dragnet clause which cross collateralized the secured property for each of the loans. The loan agreements also contained cross default provisions.

In March 1976, Saul accelerated the balance due under all three of the notes. In April 1976, the six acres of land and the Alpha Building securing *Loan 462* were sold

at foreclosure proceedings pursuant to a power of sale. Saul elected not to confirm the foreclosure sale, thereby foregoing any right to collect anything further under *Loan 462*.

Following the foreclosure sale under *Loan 462*, Saul sued the Vaughn group in Fulton County seeking a money judgment on *Loan 465*. In defending against the suit on *Loan 465*, Vaughn contended that the suit on *Loan 465* was a suit for a "deficiency judgment" arising out of the foreclosure of *Loan 462* since the two loans were cross collateralized. The Vaughn group contended that the election of Saul not to confirm the sale of the Alpha Building barred not only any further recovery on *Loan 462*, but also barred any recovery on *Loan 465*. This argument was rejected by the trial court and Saul was awarded a judgment of $5.1 million.

When the Vaughn group gave notice of their intention to appeal this judgment, the Superior Court of Fulton County ruled that Saul could proceed to collect its judgment unless Vaughn posted a $2.3 million supersedeas bond no later than March 25, 1977. The Vaughn group did not post the required bond.

On appeal to the Court of Appeals that court rejected Vaughn's argument, holding "that the present action is not to recover a deficiency judgment on the debt for which foreclosure was had, but to recover on a separate, subsequent and different note made a year later for a different debt and for which a conveyance of other property was made as security. The note sued upon is a separate transaction from that which was the basis for foreclosure, is not within the prohibition of Code Ann. § 67-1503, and Saul Trust was not barred from bringing action thereon." *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 77 (237 SE2d 622) (1977). Certiorari was denied in that case by this court on November 28, 1977.

Saul had filed suit in the Superior Court of Fulton County on *Loan 448* at the same time suit was filed on *Loan 465*. Neither side pursued this suit during the litigation on *Loan 465*. After their judgment on *Loan 465*, Saul decided not to continue its suit to collect on the *Loan 448* promissory note, and instead, gave notice that the land securing *Loan 448* would be sold at a foreclosure sale.

The case now before this court was filed in the Superior Court of Cobb County by Vaughn seeking to temporarily enjoin the foreclosure sale of the land securing *Loan 448* scheduled for February 1, 1977. At a hearing on January 31, 1977, the court declined to restrain temporarily the foreclosure, but required that the sale be reported back to the court to determine whether or not the sale should be approved or disapproved. On April 5, 1977, the Superior Court of Cobb County approved the foreclosure sale, but ordered Saul to make an equitable accounting as to all debts owed by Vaughn and, pending said accounting, enjoined Saul from further proceedings to collect all or any portion of any indebtedness they may be owed by Vaughn.

On April 11, 1977, Saul moved the trial court to suspend the injunction against collection of debts owed by Vaughn, contending that the order was unlawful to the extent that it enjoined Saul from proceeding to execution on their judgment of *Loan 465* entered in the Fulton County Superior Court even though Vaughn had posted no supersedeas bond as required by that court. Saul also argued that Vaughn had engaged in secret transactions designed to conceal assets from Saul. The trial court denied Saul's motion to suspend the injunction, but did enjoin the Vaughn group from transferring any of their assets except as needed for ordinary and necessary expenses. These orders form the basis of this appeal and cross appeal.

In reviewing these orders it will be important to note that Saul is subject to an injunction which was not requested by Vaughn and Vaughn is subject to an injunction which was not requested by Saul.

Case No. 32433

1. The first question presented on the main appeal is whether the trial court erred in enjoining the collection of a prior entered judgment of the Superior Court of Fulton County on *Loan 465*. We think that under the facts of this case the trial court erred in so holding. Equity will not ordinarily enjoin the proceedings and processes of a court of law unless there is some compelling intervening equity or defense of which the party, without fault on his part, cannot avail himself at law. Code Ann. § 55-103. In the

suit in Fulton Superior Court on *Loan 465* Vaughn contended, inter alia, that the failure of Saul to seek a deficiency judgment on *Loan 462* by not confirming the foreclosure sale barred its suit in Fulton County on the note in *Loan 465*. That contention was rejected at the trial and appellate level. Vaughn seeks to re-litigate this contention in Cobb Superior Court in the instant case. The record does not reflect an intervening equity sufficient to authorize a court of equity to enjoin the collection of a debt which has been fully litigated in a court of law. "A diligent creditor shall not needlessly be interfered with in the prosecution of his legal remedies." Code Ann. § 37-121. In *Shedden v. National Florence Crittenton Mission,* 191 Ga. 428 (12 SE2d 618) (1940), this court emphasized that only extraordinary circumstances will warrant interference by a court of equity. The fact that the business dealings between these parties was in the realm of "high finance" and involved complicated and intricate loan arrangements is not sufficient to conclude that the parties are entitled to resort to a court of equity to solve the ensuing legal entanglements.

2. The second question on the main appeal is whether the trial court erred in holding that an equitable accounting was required to determine the amounts owed by Vaughn to Saul. We think the trial court also erred in ordering an equitable accounting.

As to the three loans made by Saul to Vaughn, the amount due under *Loan 465* has been reduced to a liquidated amount of $5.1 million in the Fulton County judgment, which judgment has been affirmed on appeal.

*Loan 462* has been foreclosed and there can be no suit for a deficiency judgment. Vaughn has a suit for wrongful foreclosure of this loan pending in Fulton Superior Court under which they could recover any excess obtained by Saul over the amount of the loan.

*Loan 448* has been foreclosed in Cobb Superior Court with approval of the court but without confirmation and there can be no deficiency judgment on that loan. Vaughn has claimed damages arising from the foreclosure under this loan.

It thus appears that through appropriate legal remedies, each party's rights have been or are being fully

and adequately litigated in a court of law. We therefore conclude that the aid of an equitable accounting is not necessary under the facts of this case.

Case No. 32462

The only issue on the cross appeal is whether the trial court erred in its April 11, 1977 order restraining and enjoining Vaughn from transferring any of its assets pending the accounting called for in its order of April 5, 1977.

Vaughn contends that the injunction was error for several reasons, to wit: (1) the order was issued without notice as required by Code Ann. §§ 81A-165 (b) and 81A-165 (a); (2) that the court did not make findings of fact and conclusions of law as required by Code Ann. § 81A-152 (a); and (3) that the order was not based on any supporting evidence.

Pretermitting the validity of any or all of these contentions, we conclude that the trial court erred in entering this injunction against Vaughn since we have concluded on the main appeal that the court erred in ordering an accounting and an injunction against Saul. Saul concedes in its brief that it did not seek such an injunction and that the injunction "is not without its flaws." Saul further admits in its brief "that the injunction against Vaughn is necessary only so long as Saul is enjoined from protecting its rights against Vaughn." We agree with this conclusion.

It is therefore ordered that the portion of the trial court's order of April 5, 1977, requiring an equitable accounting and enjoining Saul from collecting its debt against Vaughn is reversed. Likewise, that portion of the trial court's order of April 11, 1977, enjoining Vaughn from transferring any of its assets pending an accounting is reversed.

*Judgment affirmed in part and reversed in part on the main appeal and the cross appeal. All the Justices concur, except Hill and Marshall, JJ., who are disqualified.*

ARGUED JULY 13, 1977 — DECIDED DECEMBER 5, 1977.

*Awtrey, Parker, Risse, Mangerie & Brantley, L. M. Awtrey, Jr., Shaw, Pittman, Potts & Trowbridge, Leslie A. Nicholson, Jr., Mark Augenblick, Robert B. Robbins,* for appellants.

*Morris, O'Brien & Manning, John G. Morris, Barry McGough, Joseph R. Manning, Redfern, Butler & Morgan, C. David Butler, Duard R. McDonald, Alston, Miller & Gaines, Robert D. McCallum, Jr.,* for appellees.