## 35454. BLOODWORTH et al. v. SANDERSVILLE PRODUCTION CREDIT ASSOCIATION et al.

HILL, Justice.

This is a continuation of *Avant v. Sandersville*

*Production Credit Assn.,* 243 Ga. 173 (253 SE2d 176) (1979). When the case was here before it involved several tracts of land and 6,392 shares of stock in Avant Farms, Inc. This appeal involves only the 6,392 shares of stock. For convenience, we will restate the facts from the earlier appeal which are pertinent here.

Avant Farms, Inc., is a family farm corporation. One of its stockholders, Forace Lee Avant, pledged the 6,392 shares in issue to Sandersville Production Credit Association (SPCA). The stock certificate contained a restriction on the "transfer or sale" of the stock which entitled the other shareholders to 60 days notice and the right to purchase the stock at a specified price. Forace Lee Avant also put a second lien on the stock in favor of Tuttle Barksdale.

Forace Lee Avant died testate leaving his widow, now Annette Avant Yongue, and three minor children. When SPCA declared its notes in default, demanded payment and threatened foreclosure on the real estate, the widow, individually and as executrix of the estate, and the children filed suit to enjoin the foreclosure and to set aside SPCA's security interest in the stock.

Avant Farms, Inc., and Forace Lee Avant's mother and brothers and sisters, the other stockholders in Avant Farms, Inc., intervened, contending, among other things, that the security interests of SPCA and Barksdale in the stock were void because the requirements of the transfer restriction had not been complied with when those security interests were created. Barksdale joined as a party to protect his interest.

This court held that the stock transfer restriction was not binding because the bylaws containing the restriction were purportedly adopted in 1972 by the incorporator and sole stockholder whereas the 1968 Corporation Code required that the initial bylaws be adopted by the board of directors. Code Ann. § 22-807(a). We held that the stock transfer restriction had no effect on the security interest held by SPCA and Mr. Barksdale in the 6,392 shares of stock. 243 Ga. at 179. In SPCA's cross appeal we held that the improperly adopted transfer restrictions were not binding on SPCA. 243 Ga. at 181. That decision was rendered in February, 1979.

In March, 1979, the board of directors of Avant Farms, Inc., met and adopted bylaws including the same stock transfer restriction described above. After that meeting, the stockholders met. Although SPCA and Mr. Barksdale were notified, no notice of this stockholders' meeting was given to the receiver appointed by the court to take charge of the 6,392 shares of stock. Over SPCA's objection, Mrs. Yongue, widow and executrix of the estate of Forace Lee Avant, was allowed to vote the 6,392 shares of stock and to approve the March, 1979, action of the board of directors in adopting the bylaws containing the stock transfer restriction.

The trial court made two rulings which are here on appeal. The court (1) held that the stock transfer restriction in the reenacted bylaws was null and void, and (2) held that the 6,392 shares of stock pledged to SPCA could be sold at judicial sale by the receiver without compliance with the stock transfer restriction and that the purchaser at that sale would take such stock free and clear of the restriction.

Avant Farms, Inc., and the intervening stockholders appeal. They contend that any stock issued before adoption of the initial bylaws by the board of directors is void and that any pledge of such stock is likewise void. Secondly, they contend that the bylaws adopted by the directors in March, 1979, and ratified by the stockholders, are valid. It should be noted that the second of these contentions, insofar as it relies on stockholder ratification, is not consistent with the first contention.

Appellants will not be heard in arguing that stock issued in 1972 is void because issued before adoption of the initial bylaws. If that argument were to prevail, the appellant stockholders would not be stockholders and the corporation would have no right to keep the paid-in capital which authorized it to commence business seven years ago. Code Ann. § 22-805. These appellants are estopped from making this argument. *Bloodworth v. Bloodworth,* 225 Ga. 379 (1b) (169 SE2d 150) (1969).

We do not find it necessary to decide whether the receiver was entitled to notice of the stockholders' meeting or whether the receiver or the executrix was entitled to vote the 6,392 shares of stock at that meeting

(compare subparagraphs (f) and (g) of Code Ann. § 22-608), because it is the adoption of the bylaws by the board of directors which is the central focus of our inquiry. Code Ann. §§ 22-802 (b) (1), 22-807 (d); *Evans v. Dennis,* 203 Ga. 232 (2) (46 SE2d 122) (1948); *Helmly v. Schultz,* 219 Ga. 201 (1) (131 SE2d 924) (1963).

The widow and executrix of the estate of Forace Lee Avant commenced this litigation in December, 1977, to set aside SPCA's security interest in the 6,392 shares of Avant Farms. The corporation and the intervening stockholders sought to uphold the stock transfer restriction. The trial court found in favor of SPCA. The plaintiffs appealed and intervenors cross appealed. This court found in favor of SPCA. Thereafter, the directors of Avant Farms, Inc., adopted bylaws containing the stock transfer restriction. Only the delay caused by this litigation has prevented SPCA from selling its security, and only the delay caused by this litigation enabled the directors to adopt the stock transfer restriction here in issue. A court of equity will not enforce a stock transfer restriction adopted under circumstances such as these. *Saul v. Vaughn & Co.,* 240 Ga. 301 (1) (241 SE2d 180) (1977); Code § 37-104. Thus we do not find it necessary to decide whether a stock transfer restriction adopted after the shares have been issued may be enforced against protesting shareholders. See B & H Warehouse, Inc. v. Atlas Van Lines, Inc., 490 F2d 818 (5th Cir. 1974) (construing Delaware law); Sandor Petroleum Corp. v. Williams, 321 SW2d 614, 618-619 (Ct. Civ. App. Texas 1959).

Hence the trial court did not err in holding that the 6,392 shares could be sold at judicial sale by the receiver without compliance with the transfer restriction and that the purchaser of such stock would take free and clear of the restriction. See Code § 37-114.

On the other hand, the action of the board of directors in adopting the stock transfer restriction was valid with respect to the shares of those stockholders who ratified the board's action and, on remand, so much of the trial court's order as held otherwise should be vacated.

*Judgment affirmed in part; vacated in part. All the Justices concur.*

44

SUBMITTED SEPTEMBER 28, 1979 — DECIDED
JANUARY 8, 1980.

*Lawrence & Rice, George D. Lawrence,* for appellants.

*Dickens, Mangum, Burns & Moore, G. Lee Dickens, Jr., Joel D. Burns, Gilmore, Waddell & Phillips, David W. Waddell, Robert W. Wommack, Jr., Thomas A. Hutcheson, Clark Avant,* for appellees.